UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIM R. GREENE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-219 |
| | § | |
| CITIMORTGAGE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is an action for relief by alleged landowners against a mortgage company that foreclosed its mortgage lien. For the reasons set out below, this action is DISMISSED.

## PROCEDURAL POSTURE

Plaintiffs, Jim R. Greene and Sharon Greene (the Greenes), filed this suit against CitiMortgage, Inc. a/k/a CitiMortgage Company, Inc. (CitiMortgage) in state court on June 19, 2013. D.E. 1-3, p. 2. CitiMortgage removed the action to this Court on July 19, 2013. D.E. 1. On August 5, 2013, CitiMortgage filed its original motion to dismiss Plaintiffs' complaint (D.E. 10) to which Plaintiffs filed a pro se response (D.E. 12). The response asserted that Plaintiffs were seeking new counsel who was admitted to practice in federal court. The Court took the motion (D.E. 10) under advisement and allowed the Greenes additional time to secure proper counsel. D.E. 14.

On October 18, 2013, the Greenes' state court counsel was permitted to appear in this case pro hac vice and, on November 15, 2013, the Court heard arguments on the motion to dismiss. At that time, the Court dismissed certain claims from the complaint

and ordered the Greenes to file an amended response to the motion to dismiss within fourteen days to more specifically address CitiMortgage's bases for dismissing their remaining claims.

Instead of filing an amended response, the Greenes attempted to file an amended complaint which was formally filed on February 21, 2014. D.E. 26. This amended complaint dropped some claims and added new ones. At a status conference on February 21, 2014, the Court ordered that the Greenes' amended complaint (D.E. 26) would be deemed duly filed and that CitiMortgage's reply (D.E. 24) would be deemed a supplemental motion to dismiss. The Greenes filed a response (D.E. 28) to the supplemental motion. All parties have thus had sufficient time and opportunity to brief the law and facts as necessary to consider the Rule 12 complaints.

## FACTS

For purposes of the motion to dismiss, the Court accepts as true the factual allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). The Greenes have alleged that they purchased the residential real property at 111 W. Janin Circle, Portland, Texas, from Allen L. Oliver (Oliver) on June 19, 1998. They did not receive a deed or other recordable instrument, but took possession of the home and occupied it continuously until the events made the basis of this suit.

Oliver's debt to his mortgage lender, CTX Mortgage Company (CTX), was in default by at least two monthly payments at the time of the sale to the Greenes. The note further had a "due on sale" clause. The Greenes paid Oliver $1,000 and, without

assuming the note or making any other official arrangements with CTX or CitiMortgage, proceeded to make payments on the note and also claim to have made $15,000 worth of improvements to the property, along with paying the property taxes.

CitiMortgage eventually claimed that it held the lien securing the mortgage note. While the record does not disclose the specifics regarding default and acceleration, CitiMortgage first attempted to foreclose the lien in 2011. A lawsuit (that included a notice of lis pendens disclosing the Greenes' interest in the property) apparently caused CitiMortgage to abandon its foreclosure action at that time. Thereafter, CitiMortgage, without notice to the Greenes, proceeded with its foreclosure sale.

## DISCUSSION

The Greenes claim that CitiMortgage's foreclosure was improper as to them because CitiMortgage had actual knowledge of their possession of, and legal interest in, the property, yet failed to provide them with any notice of foreclosure or the steps leading up to it. They now seek to prosecute five "claims:" (1) trespass to try title; (2) four-year statute of limitations; (3) laches; (4) waiver; and (5) unjust enrichment.

**1. Trespass to Try Title**

The Greenes claim that they have a superior right to the property under an "adverse possession" theory, using the 3-year and 10-year adverse possession statutes. Under the 3-year statute, they claim to have taken possession "under title or color of title" for over three years. TEX. CIV. PRAC. & REM. CODE § 16.024. Under the 10-year statute, they claim to have cultivated, used, or enjoyed the property in a manner adverse to CitiMortgage for over ten years. *Id.*, § 16.026.

CitiMortgage seeks dismissal of both of these adverse possession claims because neither the 3-year nor the 10-year periods began to run against CitiMortgage as a mortgagee until it foreclosed its lien. *Warnecke v. Broad*, 161 S.W.2d 453, 455 (Tex. 1942); *Texas Capital Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 WL 1125425, at *2 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000). "This is the case because the mortgage holder has no right to eject the adverse possessor until it actually acquires title." *Hoppe, supra*. CitiMortgage is correct that the date of foreclosure is the operative date for determining the Greenes' adverse possession claim.

While the Greenes originally pled that the foreclosure took place in March of 2013 (D.E. 1-3, p. 3), their amended complaint no longer makes that claim—or any claim with respect to the date of foreclosure. Thus their argument is based only upon the pleading that they purchased the property from Oliver in 1998. Because this allegation fails to state the operative date for determining adverse possession, the pleading fails to state a claim upon which relief may be granted. *Twombly, supra. See also* FED. R. CIV. P. 8(a). The Greenes supply no authority for any argument that adverse possession periods begin to run against a lienholder at any date prior to foreclosure of the lien.

The Court finds no reason to allow the Greenes to amend their claim because (a) their previous pleading disclosed that the date of foreclosure will not support their claim, (b) the Greenes have already taken an opportunity to amend after CitiMortgage briefed the law on this issue and failed to address this critical fact, and (c) the Greenes have not requested any further amendment. The Court GRANTS the Motion to Dismiss with respect to the trespass to try title action based on adverse possession.

### 2. Limitations, Laches, and Waiver

While the statute of limitations, laches, and waiver are defenses and not theories upon which the Greenes may make an affirmative claim to relief, they plead those defenses in an attempt to show that CitiMortgage had lost its right to accelerate the Oliver note and foreclose the lien. *E.g.,* TEX. R. CIV. P. 94 (listing each as an affirmative defense). They claim that, by failing to take timely action when it knew or should have known that Oliver had defaulted and the Greenes had taken possession of the property (in violation of the "due on sale" clause) and were making the payments, CitiMortgage forfeited its contractual rights to enforce the note and/or lien. These arguments fail because they are an attempt to make an end-run around the defined parameters of their adverse possession claims by "recasting" the claim and because they were not parties to the mortgage transaction between Oliver and CTX or CitiMortgage.

As set out above, any rights between the Greenes and CitiMortgage regarding their competing claims to the property accrued at the time of foreclosure when CitiMortgage exercised its right to title to the property. *Wernecke, supra*. Before that time, only Oliver—the mortgage contracting party—had the right to dispute the exercise of contractual lienholder rights by CTX or CitiMortgage. *E.g.*, *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (explaining the very limited circumstances, not applicable here, in which a third party may enforce a contract). Texas law does not support "artful pleading" or re-casting of a claim to avoid satisfaction of an essential element of the relevant cause of action. *E.g.*, *Turtle Healthcare Group, L.L.C. v. Linan*, 337 S.W.3d 865, 868 (Tex. 2011).

At its core, the Greenes' action is for adverse possession or unjust enrichment, discussed below. The Greenes cannot avoid the limits on their adverse possession theory—the only theory they have pled by which they have a right to title to the land—by re-casting it as limitations, laches, or waiver.

Just as adverse possession is the Greenes' only theory to support their title, contract is the only theory supporting CitiMortgage's foreclosure and consequent exercise of ownership rights. But only Oliver could complain of a breach of contract—that there was a default that required CitiMortgage to take action, such as giving notice of default and/or intent to accelerate, accelerating the note, or giving notice of acceleration and the intent to foreclose.

Generally speaking, only the contracting parties have the right to enforce the terms of a contract. *See generally, Stine, supra*. Because the Greenes have not alleged any facts or briefed any authority that would support a holding that they had the right to enforce the terms of a mortgage contract to which they were not parties, they have not demonstrated standing to raise any of the defensive claims (limitations, laches, and waiver). This Court is thus without jurisdiction to adjudicate any such claims arising out of the contract. *See generally, Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 504 (5th Cir. 2007) ("Because standing is jurisdictional, however, we must address it *sua sponte* . . . .").

Article III of the United States Constitution's case-or-controversy provision requires that a plaintiff plead sufficient facts to establish standing, which is an injury in fact, "concrete, particularized, and actual or imminent; fairly traceable to the challenged

action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2752 (2010). Here, under the theories of limitations, laches, and waiver, the Greenes have not shown that their injury is properly traceable to any breach of duty owed to them by CitiMortgage. The breach of contract theory that relates to the duty to declare a default, accelerate, and give notice of foreclosure was owed only to Oliver. Thus their alleged injury is not redressable against CitiMortgage.

The Court GRANTS the motion to dismiss with respect to the "claims" based on limitations, laches, and waiver for lack of standing to bring the alleged claims and for trying to cast a defense as a claim to bypass the requirements of relevant causes of action. Dismissal is pursuant to FED. R. CIV. P. 12(b)(6).

### 3. Unjust Enrichment

The Greenes assert a claim for unjust enrichment against CitiMortgage based on the fact that, while in possession of the property, they paid Oliver's note payments and improved the property with their own funds. To sustain a cause of action for unjust enrichment or money had and received, the Greenes must show that CitiMortgage obtained their funds through fraud, duress, or the taking of an undue advantage or that it took money in consideration of a promise that was unfulfilled. *See, e.g., Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *Barrett v. Ferrell*, 550 S.W.2d 138, 143 (Tex. App.—Tyler 1977, writ ref'd n.r.e.).

Despite the Greenes' protestation to the contrary in their response (D.E. 28), the complaint does not contain allegations of fact to support such a theory. Instead, the allegations show that the Greenes voluntarily undertook to make Oliver's note payments

as part of their purchase of the property from Oliver. There is no suggestion that they requested or received any promises from CTX or CitiMortgage in exchange, much less that they were responding to any fraud, duress, or the taking of an undue advantage by CitiMortgage.

The Greenes are required to plead such facts if they expect to recover under an unjust enrichment theory. FED. R. CIV. P. 8, 9; *Twombly, supra*. Because the only facts that the Greenes pled would defeat this cause of action and because the Greenes have already had an opportunity to amend and do not seek another such amendment, the Court GRANTS the motion to dismiss as to the claim for unjust enrichment.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion to dismiss (D.E. 10) as supplemented (D.E. 24) and dismisses all of the Greenes' claims against CitiMortgage for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). This action is DISMISSED WITH PREJUDICE.

ORDERED this 11th day of March, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE